Josiah Boyes
vs.
The National & Providence Worsted Mills
} W. C. A. 1598.

### DECISION.

August 11, 1934.

CARPENTER, J. The matter came before this Court upon an appeal from the decision of the Commissioner of Labor. In this case there is no question as to the total disability of the petitioner, and there was no denial that the petitioner fell while acting within the scope of his employment. The real issue is whether he fell accidentally in the course of his employment and received a brain injury or fell as the result of an attack due to a disease of the brain.

Josiah Boyes, the petitioner, for a period of some forty years had worked for the respondent company, and the respondent admitted the truth of the statement that as far as the records are concerned, the petitioner had never missed a day's work when there was any work for him to do. At the time of the accident his weekly wage was $12.00, but this was due to the fact that the mill was on short time and not due to petitioner's inability to work. The evidence showed that until the time of his injury the petitioner had never been forced to lose time or remain idle because of ill health or any physical incapacity.

The petitioner stated to his attending physician, Dr. Hughes, before any injury to the brain was evidenced that he either slipped or tripped on something. Dr. Hughes, who saw the petitioner within a short time after the accident, testified that there was no evidence of any disease of the brain and that the blow the petitioner received when he fell had caused the injury complained of. Dr. Gormley and Dr. McDonald, who were engaged by the respondent to examine the petitioner, testified that he fell because of an attack of cerebral arteriosclerosis, and that this was the cause of the petitioner's disability.

This Court feels from the facts and from such inferences as may be drawn that the petitioner slipped or stepped upon something that caused him to fall, and that at the time he fell he was suffering from no disability. The Court feels that the testimony of Dr. Hughes far outweighs the testimony of Dr. Gormley and Dr. McDonald, as Dr. Hughes was the attending physician and saw the man day after day as well as within a short time after the accident, while Dr. Gormley and Dr. McDonald testified as experts for the respondent and only saw the petitioner once or twice. Therefore, this Court finds that the petitioner fell accidentally in the course of his employment and received a brain injury, and therefore is entitled to compensation under the Workmen's Compensation Act. Decree may be entered accordingly.

For petitioner: Sherwood & Clifford.

For respondent: Lee A. Worrall.